OPINION
ROTH, Circuit Judge:
Mary Beth Byrne appeals from the District Court’s grant of summary judgment in favor of her former employer, Monmouth County Department of Health Care Facilities, and her former supervisors, ll-ene Van Duyne and Robyn Snyder, on her claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. We exercise plenary review, construing the evidence in the light most favorable to Byrne. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir.2000). We assume the parties’ familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm.
As an initial matter, Ms. Byrne’s certification — which she cites as the only source of material factual disputes — fails *234 to meet the requirements of Federal Rule of Civil Procedure 56(e). An opponent of summary judgment cannot rely upon unsupported assertions, conclusory allegations, or mere suspicions to create a disputed issue. See Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.1989); see also Lujan v. Nat’l Wildlife Fed., 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (“The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit”). Ms. Byrne’s certification was unsworn and was not supported by any of the documentation or factual testimony gathered during the discovery process. Summary judgment was thus appropriate for this reason alone.
Even were we to consider Ms. Byrne’s certification, however, she has not made a prima facie case of failure to accommodate under the statutes.[1] It is undisputed that Defendants met all but one accommodation recommended by Ms. Byrne’s physicians. Defendants permitted Ms. Byrne to have a self-paced workload, to make personal phone calls during her breaks, to move about freely in her workplace to prevent leg cramping, and to be absent from work, in accordance with county policy, to visit her doctors.[2] Defendants provided close supervision of Ms. Byrne and provided further instructions and confirmation as necessary. The only recommended accommodation not followed was a request for longer or more frequent breaks, an accommodation that was unreasonable given the County’s contractual obligations to its employees. Despite Defendants’ (and the Court’s) repeated requests, Ms. Byrne has never suggested what further specific accommodations would have permitted her to perform the functions of her job. Put simply, there was nothing more Defendants reasonably could have done. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 317 (3d Cir.1999).
Accordingly, we will affirm the judgment of the District Court.

. Ms. Byrne has apparently abandoned her discrimination, harassment, and retaliation claims for purposes of this appeal. In any event, we agree with the District Court that she failed to raise a material factual dispute with respect to these theories, as well.

. To the extent Ms. Byrne wanted to be able to leave work frequently without advance notice — -in violation of County policy — so that she could see her doctors, such an accommodation was not requested, and if it had been requested, it would have been unreasonable as a matter of law.